Gaston, J.
 

 Upon the trial of the prisoner, a juror of the original panel was challenged by the State, because that he was connected by affinity with the prisoner, and upon its being shewn that the deceased wife of the prisoner was in her life time a cousin of the wife of the juror, the court allowed the challenge, the prisoner excepted thereto, and his exception was recorded. It does not appear, whether, at the time of the trial, there was or was not issue living of the prisoner by his deceased wife, and, as it is incumbent on him who challenges to make out his cause of challenge, we must understand that there was not such issue.— On examining the authorities we find the law to be, that in such case the affinity ceased with the death of the wife.— There was, therefore, error in the part oí the court in allowing this challenge. Co. Lit. 156, 7. a. Hargrave’s note 1 & 2.
 
 Mounson v West,
 
 1 Leon’d 88. 11 Viner Title Trial F. d. 2 pl. 10 & 11.
 

 The improper allowing or disallowing of a challenge is a ground, not for a new trial, but for what is strictly a
 
 venire de novo. State
 
 v.
 
 Benton,
 
 2 Dev. & Bat. 196. The party complaining thereof does not apply to the court for the exercise of its discretion in setting aside a verdict, by which, because of the irregular formation of the jury, he may have been injured, but insists, as a matter of right, that there hath been a mis-trial, because the trial was by a jury not constituted according to the due course of law. The improper granting or the improper refusing of a challenge on the part of the court is therefore alike the foundation of a writ of error.
 
 King
 
 v
 
 Edmunds,
 
 4 Barn. & Ald. 472.
 

 
 *535
 
 But it has been argued on the part oí the State, that the right of a prisoner 'is not to be tried by a jury of his own choice, but by one free from exception ; that this right the prisoner hath fully enjoyed, for he had a trial by a jury whom he accepted as liable to no objection, and that, therefore he cannot be heard to allege, as an error in law, the withdrawal oí a juror from the panel without cause by the court. And, in support of this argument and the conclusion drawn from it, the case of the
 
 State v Arthur,
 
 is relied on as an authority, (2 Dev. 117.) We acknowledge fully the authority of that case, and if the question now to be decided had been there determined, we should unhesitatingly adhere to the decision. But in'the case referred to it is slated asa fact, and upon that fact the judgment of the court was fouii-ed, that a jury was formed
 
 from the panel
 
 without exhausting the peremptory challenges'of the prisoner. The court held, that the State had a right to require, that the challenged juror should stand aside until the panel was gone through, and that as a jury had been formed without going through the panel, the act of the court complained of was,
 
 in effect,
 
 no more than the setting aside of the juror for an allowed time. One of the court, indeed, took care to state, !! that had the panel been gone through, the prisoner could then have claimed the right to have on his trial the juror who had been challenged by the State, and the prisoner might have had reason to complain if the juror were discharged, and the cause assigned did not disqualify him.”
 

 We distinctly admit, that the ground on which
 
 peculiar privileges of challenge
 
 are allowed to prisoners in capital cases, is in the language of the eminent judge, whose words are embodied in the argument of the Attorney General, “not that the prisoner shall be tried by a jury oí his own choice orselection, but by one against which, after exhausting his peremptory challenges, he can offer no just exception.” But the question now presented, is not as to the extent or, nature of a privilege claimed by the prisoner as
 
 such,
 
 but involves general principles of law applicable to the trial of all cases, civil as well as criminal. It is a great object of the
 
 *536
 
 law to keep unsullied the purity of jury trials, and, among other rules which it has established as settled to accomplish that object, it has given to each party to an issue the right of challenge for sufficient cause. Now it is essential, as well to the protection of this right as to the guarding against the abuse of it, that every erroneous decision, in matter of law, upon such a challenge, shall be the subject of correction. All will admit that the court
 
 cannot arbitrarily
 
 withdraw a juror without any cause,”
 
 (State
 
 v Arthur,
 
 ut supra,)
 
 and, in our apprehension, the withdrawal oí a juror without
 
 sufficient
 
 cause is, in law, however excusable the error, an arbitrary withdrawal. In the case before us, the jury was not formed before the original venire had been exhausted, and the material question occurs, was it then necessary for the Slate to shew its cause of challenge, or might it require that the juror should still stand aside until the special venire was gone through. We think this question was substantially decided in
 
 Benton’s case.
 
 In that case, the prisoner demanded that the names of
 
 all
 
 the jurors summoned should be deposited in a box together, but the court directed that those of the original venire should be first deposited and drawn, and that the tales jurors should not be resorted to, unless a full jury could not be constituted without them. The case was brought before us by appeal of the prisoner, and we held that the course pursued was proper, not only as conforming to the general practice which had obtained throughout the State in the trial of capital offences, but as most in accordance with the statutory provisions on the subject of juries; that upon the petit jurors of the original venire was imposed the general duty of trying all issues, as well in criminal as in civil cases, which might be submitted during the term, and that by-standers were to be called in.to the performance of this duty only upon a deficiency of the original panel, or where a necessity for resorting to by-standers should occur. We also held that the jurors of the special venire were likewise but auxiliaries to those of the original venire, in the performance of the duties, primarily im
 
 *537
 
 posed upon the latter, and “ were so far in the nature of tales jurors as being provided to supply a deficiency of the original venire.” It is an obvious corollary from the principles thus asserted, if it be not in terms decided by the case, that in legal contemplation the jurors of the original venire constitute a distinct panel. When that panel is perused or gone through with, without forming a jury, any individual member thereof, who, upon the challenge of the State, has been set aside, to see whether a jury might not be formed from the panel without him, must be brought forward.and challenged or taken, before another panel can be resorted to. We forbear from noticing the exception taken by the prisoner to the allowing of the challenge of the juror belonging to the special venire ; for, according to the case of the
 
 State
 
 v Arthur, the juror was at all events rightfully kept back from the jury, until the special venire was gone through.— This decision must be certified to the Superior Court of Halifax, with directions to set aside the verdict rendered against the prisoner as null, because the jury was not constituted according to the due course of law, and to order a new jury to come to try whether the prisoner be or be not guilty of the premises charged in the indictment against him.
 

 Per Curiam. Ordered accordingly.