## S. L. CHANCELLOR v. THE STATE OF MISSISSIPPI.

1. INCEST—UNLAWFUL COHABITATION.—Cohabitation by a man with his step-daughter is not incestuous by the laws of Mississippi.

ERROR to the circuit court of Hinds county, 1st district. BROWN, J.

The opinion of the court states the facts in the case.

*Harris & George,* for plaintiff in error,
Cited Rev. Code, §§ 2486, 2487; Carrotti v. the State, 42 Miss. 334; Bishop on Marr. and Div. 413.

*J. S. Morris*, attorney-general,
Cited Rev. Code of 1871, §§ 1763, 2487.

TARBELL, J.:

The grand jury of Hinds county, on the 5th day of September, 1872, found and returned into the proper court a true bill against S. L. Chancellor, making against him the following charge, as stated in the indictment, to wit: "That he, the said Chancellor, on the 30th day of July, in the year of our Lord 1872, and on divers days both before and after said day, with force and arms, at the district aforesaid, to wit: in the district aforesaid, unlawfully, wilfully and incestuously, he, the said S. L. Chancellor, being then and there married to, and the husband of, a certain woman whose christian name is to the jurors unknown, did cohabit with and carnally know one Barbara Weaver, said Barbara Weaver being then and there the daughter of the wife of said S. L. Chancellor." Having been arrested on process founded on this indictment, the said Chancellor sued out a writ of *habeas corpus*, returnable before the circuit court of said Hinds county. Upon the hearing of the *habeas corpus* it appeared that there was no other charge against the said Chancellor than the one we have above quoted from the indictment against him; whereupon he moved the court that he be discharged from custody, on the ground that said charge is not an offense under the laws of this state; which motion was by the court overruled. From this decision, refusing to discharge the relator from arrest, an appeal was taken to this court.

By section 1763, Code of 1871, following the Code of 1857, marriage is prohibited between the father and his son's widow; a man and his wife's daughter, or his wife's daughter's daughter, or his wife's son's daughter; and the like prohibition is extended to females in the same degree; and all such marriages are declared incestuous and void.

Art. III, § 2487, Code of 1871, again pursuing the language of the Code of 1857, is as follows :    " Persons being within the degrees of consanguinity, within which marriages are declared by law to be incestuous and void, who shall cohabit or live together as husband and wife, upon conviction, shall be punished by imprisonment in the penitentiary, for a term not exceeding ten years."

Further employing the language of the Code of 1857, art. 22, § 2647, Code of 1871, declares, that, "If any person shall marry within the degrees prohibited by law, on conviction thereof, he shall be fined five hundred dollars, or imprisoned in the penitentiary not longer than ten years, or by both such fine and imprisonment, and such marriage is declared void."

If there are other or further provisions of law limiting, qualifying, or explaining those above quoted, they have escaped our observation.   Such being the case, it needs no elucidation to show, that without the substitution of the word "affinity" for "consanguinity," or the interpolation of the word "affinity" into section 2487, the case presented in the record does not constitute a punishable offense under the statutes of our state.   As much as we regret, that a man should go unpunished, if guilty, of so gross a violation of moral law, of domestic virtues, of the obligations of a citizen, and of the honor of manhood, as is charged in this case, we are left no other alterative, than to reverse the action of the court below and direct the release of the accused.   Until his dereliction is established by competent testimony, and the verdict of a jury, the party is entitled to the presumption of innocence, and it is to be hoped for the sake of common humanity, that this presumption is not, in this instance, misapplied   Whether the terms of the statutes quoted are accidental, or whether cases of this character have been so rare as not to have been regarded as requiring legislation, it is not necessary to inquire.   If the truth in this instance is charged in the

presentment of the grand jury, although the violator of a most sacred obligation will escape merited justice in this world, through the neglect of the law makers to provide for such a case, he cannot escape the just judgment of that Higher Court, where the sins and the secrets of all will be exposed, and suitably adjudged.

The judgment overruling the motion to release and discharge the said S. L. Chancellor from arrest is reversed, and he will be set at liberty.