## WILSON *v.* STATE.

### (*Jackson.* March 3, 1898.)

INCEST. *What is not.*

The begetting of an illegitimate child on the body of the sister of a deceased wife is not within Shannon's Code, § 6767, making it a felony for any person to beget an illegitimate child on the body of "his wife's sister."

Code construed: § 6767 (S.); § 5654 (M. & V.); § 4844 (T. & S.)

Cases cited and approved: Goodall *v.* Thurman, 1 Head, 208; 20 Tex. Ct. App., 609 (S. C., 54 Am. Rep., 535); 3 Me., 533; 1 Denio, 26.

---

FROM OBION.

---

Appeal in error from Criminal Court of Obion County. W. W. SWIGGART, J.

OWNBY & LANNOM for Wilson.

Attorney-general PICKLE for State.

BEARD, J. The plaintiff in error was convicted under an indictment charging him with a violation of Section 6767 of the (Shannon's) Code, which is in the words following, viz.: "If any person shall be guilty of begetting an illegitimate child on the body of his wife's sister, he is guilty of felony," etc.

Wilson *v.* State.

The testimony in the case tending to prove that prior to the time of the illicit intercourse and the birth of the child charged in the indictment, the wife of the plaintiff in error, and the sister of the prosecutrix, had died, the counsel for the defendant below asked the Court to say to the jury, that if they found this to be the fact, then it was their duty to acquit. The trial Judge declined this request, and, on the contrary, said to the jury "if they should find that the defendant did beget a child on the body of the sister of his wife, and the child so begotten was illegitimate, though his wife was dead at the time the act of illicit intercourse was committed, yet the defendant should be convicted."

The Court was in error in declining the special request and in giving this general charge.

The offense created by this statute, and made the subject of punishment, is that of begetting a child upon the body of the sister of a living wife. This is the literalism of the statute, and the spirit is not broader than the letter. It recognizes an existing relation of husband and wife, out of which the relationship by affinity has grown. The person whom it seeks to protect against the approaches of the husband is the sister of his wife then alive. By marriage, the husband becomes the brother, by affinity, of that sister, and the purpose of this legislation was to preserve the purity of this intimate relationship. But this relationship is terminated by the death of the wife. 1 Am. & Eng. Enc. Law

(2d Ed.), Sec. 9131. Thereafter the surviving husband and the surviving sister of the deceased wife, in contemplation of the law, are again strangers, and the statute in question has ceased to operate so far as they are concerned. On this ground it has been held that incest between a stepfather and a stepdaughter cannot be committed after the death of the stepdaughter's mother. *Johnson* v. *State*, 20 Texas Ct. App., 609 (S. C., 54 A. R., 535). And so it has been held that a juror whose wife is dead, is competent, although by his marriage he was related to one of the parties within the prohibited degree. *Goodall* v. *Thurman*, 1 Head, 207; *State* v. *Shaw*, 3 Me., 533. And that the affinity which will disqualify a Justice of the Peace from sitting in a cause, must be a subsisting one at the trial. *Cannon* v. *Newell*, 1 Denio, 26.

For the error indicated, the judgment is reversed and the case is remanded.