## HENRY A. WESTALL vs. MILLIDGE B. WOOD.

Suffolk.    June 17, 1912. — September 12, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DECOURCY, JJ.

*Equity Jurisdiction,* To enforce equitable lien. *Mortgage,* Of real estate. *Lien,* Equitable. *Equity Pleading and Practice,* Parties.

An equitable lien on personal property, as between the parties to it, may be established by showing an arrangement between the parties which in the light of the circumstances indicates a contemporaneous intention to adjust their rights upon the basis of such a lien, without proof of an express agreement that there should be such a lien.

A purchaser of land, who had mortgaged it to secure a loan of money to be advanced from time to time for the purchase price of the land and the erection of a building thereon, asked the mortgagee to accept an order for the price of lumber to be used in the construction of the building, stating that he could not get the lumber without such an order. Upon the demand of the mortgagee the mortgagor agreed in the presence of the lumber dealer that the lumber to be delivered should be used in the construction of a building on the mortgaged land and the mortgagee thereupon accepted an order to pay for the lumber. It was agreed that the money so paid by the mortgagee should constitute a part of the consideration of the mortgage, but there was no express agreement that the lumber should be subject to a lien for the price. The mortgagee paid for the lumber, which was delivered on the land, but a large part of it was removed by the mortgagor and was claimed by him as unincumbered property. In a suit in equity by the mortgagee against the mortgagor, it was *held,* that the circumstances clearly showed an intention of the parties that the lumber paid for by the plaintiff should become subject to the lien of the mortgage, and that equity would enforce such lien.

In a suit in equity to establish and enforce an equitable lien upon certain building materials as part of the security of a mortgage of real estate, where it appears that the plaintiff has caused an assignment of the mortgage to be made to a person in his employ who holds it exclusively for the plaintiff's benefit, such assignee is a necessary party to the suit and a decree granting relief will not be made until he has been joined as a party.

BILL IN EQUITY, filed in the Superior Court on December 19, 1911, and amended on February 9, 1912, to enforce an equitable

lien on certain lumber in the hands of the defendant as security for the sum of $584.28 paid by the plaintiff upon an order drawn by the defendant upon the plaintiff in favor of the Hutchinson Lumber Company and accepted by the plaintiff under the circumstances stated below.

The case was heard by *Jenney,* J., who found the following facts:

On October 21, 1911, the defendant gave a mortgage dated September 15, 1911, to one Collamore and others, trustees for the First Parish in Pembroke. This mortgage was given upon land in Saugus to secure a construction loan for $2,200. A dwelling house was to be constructed upon the mortgaged premises. The plaintiff acted as the agent of the trustees in negotiating the mortgage and in all things done under the mortgage while the trustees remained its owners. The defendant knew that the plaintiff was such agent. At or about the time of the execution of the mortgage, the trustees placed the entire consideration thereof in the plaintiff's hands to advance for them as the building progressed. The plaintiff personally entered into a written contract with the defendant as to the manner of advancing the consideration of the mortgage as the house progressed. The plaintiff agreed with the trustees that he was to be responsible to them for the advancing of the consideration of the mortgage and for the sufficiency of their security under it. After the filing of the bill the plaintiff paid to the trustees the amount of their loan and took an assignment of the mortgage to one Jessie A. Stickney, a person in his employ, who at the time of the finding held the title to it exclusively for the plaintiff's benefit.

At the time of the execution of the mortgage the plaintiff advanced to the defendant $400 on account of the mortgage loan. This was the entire amount paid by the defendant for the conveyance of the land to him, which was simultaneous with the execution of the mortgage, and the $400 so advanced was paid by the defendant for the deed to him. Afterwards, before the filing of the bill, the plaintiff advanced to the defendant $200 more on account of the mortgage and the construction contract.

At the time of the execution and delivery of the mortgage the defendant asked the plaintiff to sign an order making the plaintiff responsible to the amount of $600 for lumber and other materials

to be used in the construction of the house. The plaintiff and the defendant together went to the office of the Hutchinson Lumber Company. A list of materials desired for use in the construction of the house was delivered by the defendant to that company and the plaintiff accepted the order mentioned above and delivered it to the company. At the time the defendant asked the plaintiff to accept this order, and before going to the office of the company, the plaintiff told the defendant that he would have to be assured that the materials if delivered would be used on the mortgaged premises, and the defendant agreed that the materials should be so used. The defendant further told the plaintiff that he had no credit that would enable him to get the materials without the order. At the office of the lumber company the plaintiff and the defendant agreed that the materials delivered, for which the plaintiff was to be responsible under his order, were to be delivered on the mortgaged premises and used in the construction of the building to be erected thereon under the contract between the plaintiff and the defendant. It was not specifically agreed that the plaintiff or the mortgagees should have a lien or claim upon the materials furnished under and by virtue of the contract or mortgage. The amount paid by the plaintiff under the order was to constitute a part of the consideration of the mortgage. The lumber company agreed also to deliver the materials on the mortgaged premises. It delivered the materials to the defendant, charging them to his account, but relying on the plaintiff's order as rendering him responsible for the payment therefor. The materials delivered were of the value of $584.28. The title to these materials passed to the defendant. They were delivered on the premises described in the mortgage or upon vacant land adjoining, and on December 26, 1911, the plaintiff paid the lumber company $584.28 in settlement of his liability under the order.

The defendant had begun the construction of the house on the mortgaged premises before the execution of the mortgage. After the execution of the mortgage he substantially completed the cellar, placed the sills and timbers of the first floor and laid part of the under floor thereon. He used a part of the materials purchased as aforesaid in this work. A part of the remainder of the materials was prepared by him to be fitted for use in the frame of the building but never was placed in position. Some of the mate-

rials were placed by the defendant for safe keeping in the cellar of another house owned by him.

On November 10, 1911, the defendant negotiated a second mortgage through the plaintiff with the trustees for $750. This mortgage covered the premises described in the mortgage already referred to, and also other premises. This second mortgage was assigned to Stickney, who held it solely for the benefit of the plaintiff, and the plaintiff paid the entire consideration for the assignment thereof. On December 2, 1911, after this assignment, Stickney at the request of the plaintiff took possession of the premises described in the second mortgage, for alleged breach of its conditions. The defendant thereupon stopped work upon the building, and at the time of the filing of the bill was in possession of all the materials delivered under the order except such part thereof as had been used in the construction of the building. He claimed such materials as his own, free from any trust or other claim. The plaintiff contended that the materials were in equity liable as security for the first mortgage.

The judge found that the materials held by the defendant were impressed with a trust in the nature of a lien to secure the amount due on the first mortgage, and that the plaintiff was entitled to have a decree entered to that effect, with such incidental orders as might be required to effectuate that result.

A final decree was entered, declaring that the lumber was impressed with a trust in the nature of an equitable lien as security for the amount due under the first mortgage, and that, upon failure by the defendant to pay to Jessie A. Stickney, the assignee and holder of the mortgage for the benefit of the plaintiff, the sum of $733.35, being the balance due on such mortgage above the amount of $550 realized at the foreclosure sale, a special master was appointed to sell the lumber by public auction and out of the proceeds to satisfy Jessie A. Stickney, as the assignee and holder of the mortgage, and to pay any balance to the defendant.

The defendant appealed.

The case was submitted on briefs.

*C. N. Barney* & *H. T. Lummus,* for the defendant.

*W. F. Porter,* for the plaintiff.

RUGG, C. J. The defendant executed and delivered a mortgage on real estate. It was agreed that the amount to be lent

on the mortgage should be advanced from time to time to pay for the purchase price of the land and for the erection of a building thereon as its construction progressed. At the time of the execution and delivery of the mortgage, the defendant requested of the mortgagee an order to enable him to buy materials for the building, stating that he had no means to get them without an order. The mortgagee demanded assurance that the materials, if so procured, should be used on the mortgaged premises, and the defendant agreed that they should be so used. The defendant and a representative of the mortgagee then went to the office of a lumber company, where again it was agreed that the materials to be delivered should be used in the construction of a building upon the mortgaged premises. Thereupon a list of the required material was delivered to the lumber company, and the representative of the mortgagee accepted an order by the defendant to pay therefor. It was agreed further that the money so paid should constitute a part of the consideration of the mortgage, but there was no specific engagement that a lien for the price should attach to the material. The material was delivered upon the land, but later the defendant removed a large part of it, which he now claims to hold as his own free from any adverse right.

1. It is plain that an express agreement between the parties to the effect that a charge in the nature of a lien in favor of the mortgagee should attach to the materials so bought would be valid and enforceable in equity against the parties and their privies, and others who are volunteers or who take with notice. *Pinch* v. *Anthony,* 8 Allen, 536. See *Providence Bank* v. *Benson,* 24 Pick. 204, 210. But an equitable lien does not of necessity rest exclusively upon an express agreement. It may arise from circumstances of such nature as to require the presumption upon general considerations of justice as between those conducting commercial transactions according to a reasonable standard of integrity that an equitable lien was meant. Equity looks at the substance, and not at the form. If the arrangement between the parties, interpreted in the light of the conditions in which they were placed, indicates a contemporaneous intention to adjust their rights upon a basis which can be established only by resort to the equitable principle of lien or pledge, then, in the absence of an intervening adversary interest, such an intent will be executed

in chancery. *Hurley* v. *Atchison, Topeka & Santa Fe Railway*, 213 U. S. 126. *Society of Shakers at Pleasant Hill* v. *Watson*, 15 C. C. A. 632, 639; 68 Fed. Rep. 730. *Schermerhorn* v. *Gardenier*, 107 App. Div. (N. Y.) 564, affirmed 184 N. Y. 612. *Dufur Oil Co.* v. *Enos*, 59 Ore. 528. *Garrison* v. *Vermont Mills*, 154 N. C. 1. *Connolly* v. *Bouck*, 98 C. C. A. 184; 174 Fed. Rep. 312.

The irresistible conclusion from the facts disclosed upon this record is that the parties intended that the materials furnished by the lumber company to the defendant should become subject to the lien of the mortgage. Their conduct and conversation forbid the inference that the purchase and delivery of the materials constituted an independent enterprise, which was to stand or fall by itself. They show rather that the main purpose of the loan was to enable the defendant to build a house upon his land, but as ancillary to that main purpose (he being without money, credit or ability to procure in the market the material for a house) that the credit of the mortgagee was extended to the end that the defendant might go forward in the prosecution of his plan. The material so purchased was to be delivered upon the land and attached to it as a part of the building. The understanding was that the material should never go off the land, but should continue upon the land and become a part of the real estate. This was not expressed with such accuracy in the device adopted by the parties that it can be enforced in an action at law, but, there being no doubt as to their real object, even though inartificially expressed, it ought to be treated in a chancery court as creating an equitable lien, in order to effectuate the aim of the parties and to prevent the perpetration of a fraud. *Sexton* v. *Kessler & Co.* 225 U. S. 90, 96, 97. Something more is found here than a mere isolated stipulation to apply certain property to a stated use. The fundamental agreement was the advancing of money to the defendant to be secured by a mortgage upon land in order that he might build a house thereon. The particular arrangement was subsidiary to that dominant design from which it took its color. The mortgagee had no intention of advancing money or credit, except upon the security of the mortgage, and the defendant does not contend that he had any agreement for obtaining money from the mortgagee except upon that security. The mortgage had been duly executed and delivered, and, at the time the mortgagee

became obligated to pay for the materials, both parties must have supposed, if they were acting with common honesty, that the incident constituted an advancement of money upon the strength of their pre-existing agreement under the mortgage. *Falmouth National Bank* v. *Cape Cod Ship Canal Co.* 166 Mass. 550, and *Elmore* v. *Symonds*, 183 Mass. 321, are distinguishable in their facts, although both these cases recognize the doctrine of equitable lien.

2. The entry by the mortgagee for the purpose of foreclosing the mortgage is an immaterial circumstance upon the facts found by the Superior Court. It affords no defense to this suit. It does not appear that the condition had not been broken. At all events, it must be assumed that the entry was made lawfully.

3. According to the finding of facts, the title to the mortgage is held exclusively for the plaintiff's benefit by an employee named Stickney. But Stickney is not a party to these proceedings, and may not be bound by the finding. She is, however, a necessary party. Complete justice cannot be done to the parties before the court without her. If the decree entered in the Superior Court should be affirmed, she would not be barred from asserting claims under the mortgage against the defendant. Under these circumstances, this court may decline to proceed to final decree at this stage. *Northampton National Bank* v. *Crafts*, 145 Mass. 444, 447. Stickney should be joined as a party, and the decree must be reversed for this purpose. If she is so joined and waives the right to be heard, within twenty days from the date of this rescript, a new decree may be entered in form the same as that appealed from, together with costs of this appeal. Otherwise, the cause is to stand for further hearing upon issues raised by Stickney.

*So ordered.*