### OPINION OF THE JUSTICES TO THE SENATE.

In the opinions of the justices, rendered under c. 3, art. 2, of the Constitution, a certain proposed statute, entitled "An Act establishing the Co-operative Central Bank" and constituting all coöperative banks heretofore and hereafter established members of a corporation thereby created and requiring each of them to contribute to such new corporation assessments in an amount not less than seventy-five per cent of the reserve of its total resources, the proceeds of which assessments are to be used primarily for furnishing to any member bank, subject to conditions therein specified, loans which shall be preferred in the event of its liquidation, if enacted into law, would not impair the constitutional rights of any such bank or of its shareholders, as violating the provisions of the Fourteenth Amendment to the Constitution of the United States, the provisions of art. 1, § 10, of said Constitution, or any other relevant provision of the Constitution of the United States or of the Commonwealth.

On February 10, 1932, the Senate adopted the following order:

WHEREAS, There is pending before the General Court a bill [H. 706] designed to alleviate existing unsettled financial conditions, entitled "An Act establishing the Co-opera-

tive Central Bank", and constituting all co-operative banks heretofore and hereafter established members of a corporation thereby created and requiring each of them to contribute to such new corporation assessments to a specified percentage of its reserve, the proceeds of which assessments are to be used primarily for furnishing to any member bank, subject to conditions therein specified, loans which shall be preferred in the event of its liquidation, said bill being printed as House document number seven hundred and six, a copy of which is hereto annexed; and

WHEREAS, The Senate is of the opinion that further consideration of the issues involved should be deferred until certain grave constitutional questions arising therein are disposed of; therefore be it

ORDERED, That the Senate require the opinions of the Honorable the Justices of the Supreme Judicial Court on the following important questions of law: —

1. Would said bill, if enacted into law, impair the constitutional rights of any such bank or of its shareholders, as violating (a) the provisions of the fourteenth amendment of the Constitution of the United States forbidding a State to deprive any person of liberty or property without due process of law; (b) the provisions of section ten of Article I of said Constitution forbidding a State to pass any law impairing the obligation of a contract; or (c) any other relevant provision of the Constitution of the United States or of the Commonwealth?

2. If said bill as drawn is found to be open to constitutional objection, would such objection be removed if the operation of the bill should be limited to a fixed period of time, having reasonable relation to the duration of the existing emergency?

The order was transmitted to the Justices on February 12, 1932, and on February 16, 1932, they returned the following answers:

To The Honorable the Senate of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit these answers to the questions of an order adopted

on February 10, 1932, and transmitted to them on February 12, 1932, copy whereof is hereto annexed.

The questions are directed to a pending bill. The bill according to a recital in the order is designed to alleviate existing unsettled financial conditions. It is, however, permanent in its provisions and unlimited as to time. A corporation without capital stock to be known as the Coöperative Central Bank is established by the bill. The purpose of the central bank is stated in § 1 of the bill to be the promotion of the elasticity of resources of the coöperative banks of the Commonwealth by centralizing their reserve funds. The formation of the central bank is to be undertaken by twenty officers or directors of coöperative banks designated by the board of bank incorporation. (G. L. c. 26, § 5.) Provision is made for the organization of the corporation, selection of directors, and other officers, the adoption of by-laws, supervision and examination of its affairs by the commissioner of banks, distribution of its earning in dividends to member banks, and other matters incident to the organization and management of the central bank. The "capital structure" of that bank is to be obtained by making every coöperative bank, through statutory compulsion and not by individual choice, a member of the central bank, and by requiring every such bank to deposit and maintain with the central bank not less than seventy-five per cent of the reserve of its total resources. That reserve is now prescribed by St. 1931, c. 146, to be three per cent of its total resources which must be accumulated in full at latest by October 1, 1932. By said c. 146 such reserve shall consist of cash on hand, balances in depository banks, bonds of the United States and bonds and notes of this Commonwealth. The resources of the central bank (aside from deposits in national banks and trust companies) shall be invested only in obligations of the United States and of the Commonwealth and loans to member banks. Loans shall be made only to member banks, shall constitute a debt against the borrowing bank and in case of liquidation of the borrowing bank shall constitute a preferred debt and shall be satisfied before any distribution is made to shareholders. This provision does not transcend

the nature of a lien as commonly understood. *Westall* v. *Wood*, 212 Mass. 540. No member bank may borrow in excess of its deposit with the central bank unless such loan is secured as required by the directors of the central bank. We interpret this provision to mean that the security for such loans must be determined to be adequate, although its phraseology is slightly different in this respect from § 7 (d) of House bill No. 1136, incorporating the Mutual Savings Guaranty Fund, Inc. The central bank is required to distribute its earnings in quarterly dividends among the member banks equally and ratably. There are some other differences between the present bill and House bill No. 1136, but they arise mainly from the inherent difference between coöperative banks, as member banks, and savings banks, which constitute the member banks in the other bill. Other differences relate to incidental provisions.

The design and scope of this bill in respect to its main purpose and the means provided for the accomplishment of that purpose are not dissimilar to those of House bill No. 1136. There are in our opinion no differences between the two bills so far as concern the applicable constitutional principles in the particulars specified in the orders. The reasons set forth in our opinion of even date herewith touching bill No. 1136 lead us to the same conclusion respecting the present bill. Reference is respectfully made to that opinion for a statement of those reasons.

We answer "No" to the first question.

It becomes unnecessary to answer the second question.

ARTHUR P. RUGG.
JOHN C. CROSBY.
EDWARD P. PIERCE.
WILLIAM CUSHING WAIT.
GEORGE A. SANDERSON.
FRED T. FIELD.