157 So. 884

### HENDERSON et al. v. STATE.
#### 4 Div. 95.

Court of Appeals of Alabama.
Nov. 27, 1934.

J. N. Mullins, of Dothan, for appellants.

Thos. E. Knight, Jr., Atty. Gen., for the State.

SAMFORD, Judge.

Defendant Jeff Henderson was the son of Henry Henderson by his first wife. After the death of Jeff's mother, Henry, the father, married Margaret Guy. By this union there were no children. Henry, the father, died and after his death Jeff married Margaret. The evidence was without conflict, and the record presents the sole issue as to whether Jeff and Margaret were at the time of marriage within the degree of affinity prohibited by section 8991 of the Code of 1923.

The above section provides that: "The son must not marry his mother or stepmother * * *." Section 4522 of the Code fixes the crime and provides the punishment.

The authorities recognize a marked and clear distinction between the marriage of persons related by consanguinity and that of persons related only by affinity. This distinction is just, as well as moral. State v. Tucker, 174 Ind. 715, 93 N. E. 3, 31 L. R. A. (N. S.) 772, Ann. Cas. 1913A, 100; State v. Andrews, 167 Iowa, 273, 149 N. W. 245; Chancellor v. State, 47 Miss. 278; State v. Beilman, 86 Wash. 460, 150 P. 1194; 31 Corpus Juris, 377 (11).

The decisions also draw a distinction between cases where, in cases of affinity, there is living issue of the marriage to continue the relationship. Tagert v. State, 143 Ala. 88, 39 So. 293, 111 Am. St. Rep. 17.

It seems to be the law, as declared in this state and in other jurisdictions, that where there is no issue of a marriage to continue the relationship, the affinity ceases upon the death of the one by and through which the affinity arose. As in this case, when Henry, the father, died, there remained no relationship between Jeff and Margaret preventing their marriage. Wilson v. State, 6 Law Rep. (O. S.) (Conn.) 456; State v. Shaw, 25 N. C. 532; Blodget v. Brinsmaid, 9 Vt. 27; Wilson v. State, 100 Tenn. 596, 46 S. W. 451, 66 Am. St. Rep. 789; Tagert v. State, 143 Ala. 88, 39 So. 293, 111 Am. St. Rep. 17.

It follows that the trial court erred in refusing to give, at the request of defendant, the general affirmative charge, and for this error the judgment is reversed, and as the facts must be the same upon another trial, a judgment will here be rendered discharging the defendants.

Reversed and rendered.