CASE 9.—ACTION BY ROBERT BOYD'S EXECUTOR AGAINST
K. D. PERKINS ON LAND NOTES EXECUTED TO
PLAINTIFF'S TESTATOR.—October 23.

## Boyd v. Perkins

Appeal from Whitley Circuit Court.

M. J. Moss, Circuit Judge.

Judgment of dismissal; plaintiff appeals.—Reversed.

Construction—Prima Facie Meaning of Words "Kin," "Relative."
With the exception of a few special bequests, and a provision for the erection of a monument and a direction that any note owing him by any of his "kin" should be canceled and the amount given to such "relative," a will provided for the distribution of the estate among testator's relatives. "equally as provided by statute, as if no will had been made," thus embracing only blood relatives. Held, that the words "kin," "relative," and "relatives," referred prima facie to blood connections only, so that the husband of testator's neice was still liable on notes given to the testator.

H. C. CLAY for appellant.

## AUTHORITIES CITED.

Webster's Dictionary, "Nephew;" Bouvier's Law Dictionary, "Nephew," "kin," "kindred;" Schouler on Wills (2d Ed.), sections 536, 537; Second Jarm. on Wills, 661; A. & E. E. of Law (1st Ed.), vol. 12, p. 521; A. & E. E. of Law (1st Ed.), vol. 20, p. 738; A. & E. E. of Law (1st Ed.), vol. 29, p. 417; Tiffany v. Emmitt, 24 R. I. 411; Huling v. Fenner, 9 R. I. 411; Leigh v. Leigh, 15 Ves. 107; Supreme Council v. Bennett, 47 N. J. Eq. 39; Handley v. Woughson, 60 Md. 198; Varrell v. Wendell, 20 N. H. 431; Drew v. Wakfield, 54 Me. 291; 52 Penn. 25.

H. H. TYE for appellee.

## QUESTIONS DISCUSSED AND AUTHORITIES CITED.

1. In the construction of wills, the cardinal rule is that the intention of the testator, as gathered from the entire instrument, must prevail. (Bedford v. Bedford's Admr., 99 Ky. 273; Crozier v. Cundall, 99 Ky. 202; Schouler on Wills, section 471.)

2. In order to arrive at the intention of testator, the chancellor should, as far as possible, put himself in his place by considering the circumstances surrounding the testator at the time of the execution of the will. (Price v. Hutchins, 98 Ky. 656.)

3. In order to reach the intention of the testator, it should be presumed that words occurring more than once in his will were used in the same sense, unless the context shows a contrary intention. (Schouler on Wills, section 471.)

4. In the construction of wills words are to be taken in their plain and usual sense, unless a clear intention to use them in another sense can be collected. (Schouler on Wills, section 472.)

5. Kin, in its general sense, is a term used to include both relation by blood and marriage. (24 Cyc. 803; Hibbard v. Odell, 16 Wis. 633.)

6. The word "kin" means relationship, consanguinity or affinity, and the word "relative" means any person connected by blood or affinity. (Century Dictionary.)

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.·

The. appellant, Robert Boyd, Jr., as executor of the will of Robert Boyd, Sr., sued the appellee, K. D. Perkins, in the court below upon five notes of $500 each, which the latter had executed to Robert Boyd, Sr., before his death. The notes were given for and were secured by a lien upon real estate in the city of Williamsburg, Whitley county. Appellee filed answer, admitting the execution of the notes, but alleging affirmatively that they were cancelled and bequeathed to him by the will of the testator. A demurrer was filed to the answer, which the court overruled, and, appellant failing to plead further, judgment was rendered dismissing the action. Hence this appeal. ·

The will being copied into the answer, and that pleading presenting all the facts necessary to the determination of the controversy, we must look to the provisions of the will to ascertain whether the defense presented by the answer should have prevailed. The will contains, among others, this provision: "That at my death any note or obligation that any of my kin may owe me is hereby cancelled, and the amount is given and bequeathed to such relative." The testator died childless, and by the terms of his will the large estate of which he was the owner, with the exception of two small bequests to personal friends, went at his death to blood relatives named or referred to in that instrument. Appellee does not claim to have been related by blood to the testator, but avers in his answer that he married Malinda Boyd, who was a niece of the testator. Malinda Boyd died several

years before the testator died. Appellee was, therefore, only a nephew by marriage of the testator; so the question is: Was he one of the kin or relatives to whom was bequeathed by the clause of the will mentioned notes owing to the testator?

Appellee filed with his answer two letters written him by the testator about nine years before the execution of the will, and shortly after the death of his (appellee's) wife, in which he was treated or recognized by the testator as his nephew. We can not see that these letters throw any light upon the intention of the testator as expressed by his will. They were merely business letters, and it was but natural that the writer should have addressed them to appellee as "Dear Nephew," without meaning thereby to attach any more importance to their relationship than would result from a mere desire to avoid formality. Webster's Dictionary defines the word "nephew" as "the son of a brother, or a sister; or of the brother-in-law, or a sister-in-law." By Bouvier's Law Dictionary it is defined thus: " 'Nephew' the son of a brother or sister. But in a bequest would not include, without special mention, nephews and nieces by marriage." Schouler on Wills (2nd Ed.), section 536, says: " 'Nephew' means in English law the son and niece, the daughter, of a brother or sister; and great-nephews or great-nieces are not embraced by the terms, and, as a gift is naturally to blood relatives, a nephew or niece by marriage—that is, the nephew or niece of the testator's husband or wife—is prima facie excluded, as also would be the wives or widows of a blood nephew." In the first edition of Am. & Eng. Ency. of Law (vol. 12, p. 521), the word "kindred" is thus defined: "A man's 'kindred,' in the proper signification of the word means such persons as are

related to him by blood.'' In Bouvier's Law Diction-
ary the word "kin" is defined thus: "Legal relation-
ship;" and the word "kindred," "Relationship by
blood. A husband or wife of the deceased is therefore
not his or her kindred.'' In 20 Am. & Eng. Ency. of
Law, p. 738, we find the following definitions of the
word "relation:" "The definition commonly given of
'relation' is a person connected with another by con-
sanguinity or affinity, but, in view of the decisions, it
would seem that the word has not technically so exten-
sive a meaning as this, and is more properly confined
to connections by consanguinity alone.''

In Supreme Council v. Bennett, 47 N. J. Eq. 39, 19
Atl. 785, it is said: "The phrases 'related to,' 'rela-
tions,' and 'next of kin,' whether used in a statute,
will, or contract,' have, by a perfectly uniform course
of decisions, been held to include only relations by
blood, and not connections by marriage, not even a
husband and wife.' Huling v. Fenner, 9 R. I. 411; 2
Jarman on Wills, 661; Schouler on Wills, section 537.

From the foregoing definitions of the terms "kin,"
"kindred," "relative" and "relation," we are led to
conclude that the words "kin," "relative," and "rel-
atives" used in the will in question will not prima
facie include a mere nephew by marriage, and we will
not assume that it was the intention of the testator
to include appellee among those to whom was be-
queathed "any note or obligation that any of my kin
may owe me.'' Furthermore, there is nothing else in
the language of the will to indicate that appellee was
to be made one of its beneficiaries. On the contrary,
it is evident from its language as a whole that the
term "kin" and "relatives" as used in the will were
applied by the testator to blood kin alone. With the
exception of special bequests to J. W. Alcorn and J.

A. Craft of $500 each, that to Robert Boyd, Jr., the provision with respect to the notes on relatives, and that for the erection of a monument at the testator's grave, the will gives the remainder of the testator's estate to his blood relatives, for its language is, "I will and bequeath that the remainder of my estate be distributed among my relatives  *  *  *  equally as provided by statute, as if no will had been made"— and the estate under the statute would have gone only to blood relatives. It is our opinion, therefore, that the lower court erred in overruling the demurrer to the answer and dismissing the action.

Wherefore the judgment is reversed and cause remanded for further proceedings consistent with the opinion.