[No. 12120.   Department One.   August 4, 1915.]

## THE STATE OF WASHINGTON, *Respondent*, v. G. W. BIELMAN, *Appellant*.[1]

INCEST — "KIN" — STATUTES — CONSTRUCTION.   Rem. & Bal. Code, § 2455, defining incest as sexual intercourse between persons nearer of kin to each other than second cousins, whether of the half or whole blood, refers only to blood relations and not kindred by affinity; hence a man cannot be guilty of committing the offense with his stepdaughter.

INCEST—STATUTES—REPEAL — CONSTRUCTION.   Rem. & Bal. Code, § 7151, prohibiting marriage in specified cases of kinship by affinity as well as by consanguinity, and defining incest as carnal knowledge between such persons, is repealed, so far as the subject of incest is concerned, by the penal code of 1909, which, by Id., § 2304, expressly repealed an earlier law (Id., §§ 2891, 2892) defining incest as sexual commerce between persons related within the degrees wherein marriage is prohibited; in view of Id., § 2455, of the penal code defining incest as being when the parties are nearer of kin than second cousins, thereby eliminating relationship by affinity, and § 2301 of the penal code declaring that no law is continued in force because it is consistent with this act on the same subject, but that, in all cases provided for by this act, all former statutes, whether consistent or not, are repealed unless expressly continued in force.

INCEST—DEFINITION—STATUTES—COMMON LAW.   Rem. & Bal. Code, § 2455, defining incest as being when the parties were nearer of kin to each other than second cousins, excludes prosecutions under the common law.

Appeal from a judgment of the superior court for King county, Ronald, J., entered February 14, 1914, upon a trial and conviction of incest.   Reversed.

*John F. Dore*, for appellant.

*John F. Murphy* and *Thomas J. L. Kennedy*, for respondent.

MOUNT, J.—The appellant was convicted of the crime of incest.   He appeals from a judgment sentencing him to a term in the penitentiary.

[1]Reported in 150 Pac. 1194.

The only question presented upon this appeal is the sufficiency of the information, the charging part of which is as follows:

"He, said G. W. Bielman, in the county of King, State of Washington, on the 11th day of December, 1913, did then and there wilfully, unlawfully and feloniously, carnally know and have sexual intercourse with one Nola Bielman, she, said Nola Bielman, being then and there the daughter of one Martha Bielman, who was then and there the wife of said G. W. Bielman."

It is stipulated in the case that Nola Bielman was the step-daughter of the appellant. It is contended by the appellant that this information does not charge the crime of incest, for the reason that there is no blood relation between the appellant and his step-daughter. Section 2455, Rem. & Bal. Code, provides:

"Whenever any male and female persons, nearer of kin to each other than second cousins, computing by the rules of the civil law, whether of the half or the whole blood, shall have sexual intercourse together, both shall be guilty of incest and punished by imprisonment in the state penitentiary for not more than ten years."

It is contended by the appellant that this statute refers only to persons who are blood relations nearer of kin to each other than second cousins, computing by the rule of the civil law. We think this contention must be sustained. The ordinary meaning of the word "kin" is "a blood relation." See "Kin," 2 Words & Phrases, p. 1306. Warvelle, Real Property (3d ed.), § 168. The phrase, "Whether of the half or the whole blood," used in § 2455, indicates quite clearly that the section refers only to kindred of the blood and not kindred by affinity. We are of the opinion, therefore, that this section does not apply.

Rem. & Bal. Code, § 7151, is as follows:

"Marriages in the following cases are prohibited:—

"(1) When either party thereto has a wife or husband living at the time of such marriage;

"(2) When the parties thereto are nearer of kin to each other than second cousins, whether of the whole or half-blood, computing by the rules of the civil law;

"(3) It shall be unlawful for any man to marry his father's sister, mother's sister, father's widow, wife's mother, daughter, wife's daughter, son's widow, sister, son's daughter, daughter's daughter, son's son's widow, daughter's son's widow, brother's daughter, or sister's daughter; it shall be unlawful for any woman to marry her father's brother, mother's brother, mother's husband, husband's father, son, husband's son, daughter's husband, brother, son's son, daughter's son, son's daughter's husband, daughter's daughter's husband, brother's son, or sister's son; and if any persons being within the degrees of consanguinity or affinity in which marriages are prohibited by this section carnally know each other, they shall be deemed guilty of incest, and shall be punished by imprisonment in the state penitentiary for a term not exceeding ten years and not less than one year."

The appellant argues that the latter part of this section, which defines incest, was repealed by the act of 1909, and that § 2455, above quoted, is the only statute now in force defining the crime of incest. We think this position must be sustained. The legislature of 1909 passed an act relating to crimes and punishments. This act purports to be an act covering the whole field of criminal statutes. Section 203 of that act, found at page 950 of the laws of 1909, is § 2455 of Rem. & Bal. Code, first above quoted. This is the only statute in that code defining incest. Prior to the passage of the act of 1909 relating to crimes and punishments, § 7151, above quoted, was in force, and also §§ 2891 and 2892. Section 2891, then in force, was as follows:

"Incest is the sexual commerce of persons related within the degrees wherein marriage is prohibited."

And § 2892:

"Persons being within the degrees of consanguinity or affinity, within which marriages are prohibited by law, who intermarry with each other, or who commit fornication or adultery with each other, or who carnally know each other,

shall be deemed guilty of the crime of incest, and upon conviction thereof shall be punished by imprisonment in the state prison for any term not exceeding twenty years."

These two last named sections were expressly repealed by § 52, p. 906, of the act of 1909, being § 2304, Rem. & Bal. Code. It is apparent, therefore, that unless the portion of § 7151 defining incest is continued in force and has not been repealed by the act of 1909, the only section defining incest now in force is § 2455, first above quoted. Sections 48 and 49 of the act of 1909, being §§ 2300 and 2301 of Rem. & Bal. Code, provide as follows:

"§ 2300. The provisions of this act, in so far as they are substantially the same as existing statutes, shall be construed as continuations thereof and not as new enactments.

"§ 2301. No statute, law or rule is continued in force because it is consistent with the provisions of this act on the same subject; but in all cases provided for by this act, all statutes, laws and rules heretofore in force in this state, whether consistent or not with the provisions of this act, unless expressly continued in force by it, are repealed and abrogated."

These two sections are apparently somewhat inconsistent. But the legislature evidently meant thereby to say that new statutes substantially the same as old statutes should be construed as continuations of the old statutes. And in the next section it is provided that, in all cases provided for by this act, all statutes heretofore in force in this state, unless expressly continued in force, are repealed. Section 7151 was not expressly continued in force. Section 2455, defining incest, is only a part of § 7151. Section 7151, prior to the enactment of 1909, defined incest within the degrees of consanguinity and affinity in which marriages were prohibited. Section 2455 defined incest as being when the parties were nearer of kin to each other than second cousins, whether of the whole or the half blood. It seems conclusive, therefore, that when the legislature, by the act of 1909, repealed the sections of the code theretofore in force defining

incest as the sexual commerce of persons related within the degrees wherein marriage is prohibited, it clearly intended to repeal that portion of § 7151 defining incest. We think this follows as a necessary conclusion from the repeal of §§ 2891 and 2892, as stated in § 52 of the act of 1909. If that part of § 7151 defining incest were intended to be continued in force, § 2455 was entirely unnecessary.

We said in *State v. Nakashima*, 62 Wash. 686, 114 Pac. 894, Ann. Cas. 1912 D. 220, that § 7151 was not repealed by § 2455. But in that case we were not considering, and were not called upon to consider, the question presented in this case. That was a case wherein the appellant was charged with incest upon his first cousin under § 2455. The question presented was whether it was necessary to negative the marriage of the appellant with his first cousin, and we held that it was not necessary in the information to negative the marriage relation, and in so far as § 7151 applied to that case, it is plain that it was not repealed. But the part of § 7151 defining incest was, in our opinion, clearly repealed by the enactment of 1909, which is now § 2455, Rem. & Bal. Code, and which later section is the only statute in force defining the crime of incest.

It is contended by the state that the appellant may be prosecuted under the common law. If it was incest at the common law for persons not being related by blood within the degrees named in § 2455 to have sexual intercourse together, we are satisfied that this section was intended to define the crime of incest to the exclusion of the common law.

We are of the opinion, therefore, that the information in this case does not charge the crime, and the judgment is therefore reversed.

MORRIS, C. J., HOLCOMB, CHADWICK, and PARKER, JJ., concur.