In the Matter of the Estate of ANNA M. ZIESENITZ, Deceased.

Surrogate's Court, New York County, February 17, 1926.

Executors and administrators — appointment of administrator — applicant is brother of decedent's husband — decedent's husband predeceased her — property came to decedent from husband — applicant is next of kin within Decedent Estate Law, § 98, subd. 16, and entitled to preference over public administrator.

The applicant for letters of administration who is the brother of the decedent's husband is entitled to preference over the public administrator, since it appears that the decedent's husband predeceased the decedent, that all her property came to her from her husband, and that, therefore, under the circumstances the applicant, a brother of decedent's husband, is a next of kin within subdivision 16 of section 98 of the Decedent Estate Law.

Misc. 100]     Surrogate's Court, New York County, February, 1926.

APPLICATION for letters of administration.

*Pendry & Pendry,* for the petitioner.

*Albert Ottinger, Attorney-General.*

*N. Joseph Slicklen,* for public administrator.

FOLEY, S.   This is an application for letters of administration upon the estate of the above-named decedent, by James E. Ziesenitz, a brother-in-law of the decedent and a brother of Charles A. Ziesenitz, deceased, husband of the above-named intestate.   Anna M. Ziesenitz, the decedent here, left no next of kin.   Her husband predeceased her and died a resident of Westchester county on October 19, 1921.   His estate was settled and a decree was entered by the surrogate of Westchester county, bearing date October 18, 1924, and in that decree it was recited that Anna M. Ziesenitz, James A. Ziesenitz, the petitioner herein, and his brother William H. Ziesenitz, were the only heirs at law and next of kin of said Charles A. Ziesenitz.   According to the evidence submitted on this application Anna M. Ziesenitz, the decedent herein, had no moneys of her own prior to the death of her husband, and whatever means she possessed at the time of her death had been received as widow from the estate of Charles A. Ziesenitz, deceased.   This application is opposed by the public administrator, and in his memorandum he asks that letters of administration be issued to him on the estate of Anna M. Ziesenitz, for the reason that the petitioner has no right to distribution in the estate, and does not take in preference to him.   Subdivision 16 of section 98 of the Decedent Estate Law (as amd. by Laws of 1913, chap. 489) reads as follows:

" 16. If there be no husband or wife surviving and no children, and no representatives of a child, and no next of kin, and no child or children of the husband or wife of the deceased, then the whole surplus shall be distributed equally to and among the next of kin of the husband or wife of the deceased, as the case may be, and such next of kin shall be deemed next of kin of the deceased for all the purposes specified in this article or in chapter eighteen of the code of civil procedure; but such surplus shall not, and shall not be construed to, embrace any personal property except such as was received by the deceased from such husband or wife, as the case may be, by will or by virtue of the laws relating to the distribution of the personal property of the deceased person."

I, therefore, hold that under the provisions of this section the next of kin of Charles A. Ziesenitz, the husband of the deceased, shall be deemed the next of kin of the deceased, and that letters of administration will issue to the petitioner herein.   Submit decree on notice.