## RITTER v RITTER

Ohio Appeals 1st Dist, Hamilton Co

Nos 5505 and 5506. Decided Jan. 16, 1939

Clark & Robinson, Cincinnati, for appellee.

Charles F. Hornberger, Cincinnati, and Harry R. Weber, Cincinnati, for appellants.

## OPINION

By MATTHEWS, J.

By these two appeals it is sought to raise the same issue of law as to the correct construction of out statutes of descent and distribution and their application to the intestate estate of Madeleine R. Plogstedt, which came to her under the provisions of the will of her husband, Harry J. Plogstedt. The first action is in partition, and as decided in **Wagner v Armstrong, 93 Oh St, 443,** is a chancery case and, therefore, appealable on both law and facts to this court. The statutory procedural requirements to that end have been complied with. This action was instituted by one of the next of kin and heirs at law of the intestate to partition the real estate.

The second action was begun by the administrator of the intestate and the prayer of his petition is that the court render a declaratory judgment determining the rights of the defendants in the personal property. All the procedural requirements have been complied with to appeal this case on both law and facts. However, this court held in **Dillon v Gaker, 57 Oh Ap 90,** that an action for a declaratory judgment is one at law or in chancery dependent upon the

character of the case. If the declaration sought relates to legal rights it is an action at law and not appealable on law and facts under the Constitution of this state conferring jurisdiction upon this court. If the subject-matter, concerning which a declaration of rights is sought, is equitable, then the action is a chancery case and appealable upon both law and facts. See also Kochs v Kochs, 49 Oh Ap, 327.

We must, therefore, determine whether an action by an administrator for instructions as to the persons to whom, and in what proportion, he should distribute the personal property of a decedent is a chancery case. The specific point was presented in Kochs v Kochs, 49 Oh Ap, 327, and the court held that such an action was not a chancery case and, therefore not appealable on law and facts. We agree with that conclusion.

Headnote 3.

The second appeal must be reduced to one on law only, and in that situation this court ordinarily is required to fix the time not exceeding thirty days within which the appellant may prepare, have allowed and file in this court his bill of exceptions if he desires to bring upon the record something not already appearing thereon. However, in this case the essential facts seem to be admitted by the pleadings and in an agreed statement of facts filed in this court, leaving only a question of law for determination.

Reverting then to the question of law common to both cases, we find that it is whether, where uncles, aunts, and cousins of an intestate survive, the cousins inherit any share of an estate that came to the intestate from a deceased spouse. This requires an interpretation of §§10503-2, 10503-4, and 10503-5, GC. These sections in their present form provide:

**Sec. 10503-2, GC:**
"In the determination of intestate succession, next of kin shall be determined by degrees of relationship computed by the rules of civil law."

**Sec. 10503-4, GC:**
"When a person dies intestate having title or right to any personal property, or to any real estate or inheritance in this state, such personal property shall be distributed, and such real estate or inheritance shall descend and pass in parcenary, except as otherwise provided by law, in the following course:

1. If there be no surviving spouse, to the children of such intestate or their lineal descendants, per stirpes.

2. If there be a spouse and one child, or its lineal descendants, surviving, one-half to the surviving spouse and one-half to such child or its lineal descendants, per stirpes.

3. If there be a spouse and more than one child, or their lineal descendants, surviving, one-third to the surviving spouse and the remainder to the children equally, or to the lineal descendants of any deceased child, per stirpes.

4. If there be no children, or their lineal descendants, three-fourths to the surviving spouse and one-fourth to the parents of the intestate equally, or to the surviving parent; if there be no parents, then the whole to the suviving spouse.

5. If there be no spouse and no children, or their lineal descendants, to the parents of such intestate equally or the survivor of such parents.

6. If there be no spouse, no children or their lineal descendants and no parents surviving, to the brothers and sisters, whether of the whole or of the half blood of the intestate, or their lineal descendants, per stirpes.

7. If there be no such brothers or sisters or their lineal descendants; one-half to the paternal grandparents of the intestate equally, or to the survivor of them, and one-half to the maternal grandparents of the intestate equally, or to the survivor of them.

8. If there be no paternal grandparent or no maternal grandparent, then such one-half to the lineal descendants, if any, of such deceased grandparents, per stirpes; if there be no such lineal descendants, then to the surviving grandparent or grandparents or their lineal descendants, per stirpes; if there be no surviving grandparents or their lineal descendants, then to the next of kin of the intestate. There shall be no representation among such next of kin.

9. If there be no next of kin, to stepchildren or their lineal descendants, per stirpes.

10. If there be no stepchildren or their lineal descendants, escheat to the state of Ohio."

**Sec. 10503-5 GC:**
"When the relict of a deceased husband or wife dies intestate and without issue, possessed of any real estate or personal property which came to such relict from any deceased spouse, by deed of gift, devise, bequest or descent, then such estate, real and personal, except one-half thereof which shall pass to and vest in the surviving

spouse, if any, of such relict, shall pass to and vest in the children of the deceased spouse from whom such real estate or personal property came, or the next of kin of deceased children. If there are no children or next of kin of deceased children, then such estate, real and personal, except for the one-half passing to the surviving spouse, if any, of such relict, shall pass and descend one-half to the brothers and sisters of such relict, or the next of kin of deceased brothers and sisters, and one-half to the brothers and sisters of the deceased spouse from whom such real estate or personal property came, or the next of kin of deceased brothers and sisters."

These sections in their original form were parts of the same bill and were enacted into law as a part of the "Probate Code" in 1931, effective January 1st, 1932. In 1935, the original §§10503-4 and 5 GC, were amended, but that fact is immaterial in this case. In modified form these two sections had been a part of the statutes of inheritance of this state almost from the beginning. The principal change in phraseology made by the enactment of §10503-5 was the substitution of the phrase "next of kin" for that of "legal representatives."

By §10503-2 GC, there was incorporated into the statute law of Ohio the civil law rule of determining the degrees of relationship. It had, however, always been a part of the unwritten or common law of the state. Clayton v Drake, 17 Oh St, 368.

These sections having been enacted at the same time and relating to the same subject must be construed together. Snodgrass v Bedell, 134 Oh St, 311.

The appellants contend that the legislature did not intend by the use of the phrase "next of kin" in §10503-5 to create an entirely distinct and different order of descent for property inherited from a deceased spouse, but only intended to provide for its equal division between the families of the deceased and surviving spouses, and that, therefore, in determining who shall inherit such property, in the absence of brother and sisters of either or both spouses, due regard must be had for the provisions of §10503-4, GC, and that by so doing the descent of this property is cast in accordance with the provisions of paragraph 8 of that section.

On the other hand, the appellees contend that it is only necessary to consider §§10503-2 and 5, GC, and that by the application of these two sections, it appears that cousins are one degree farther removed than the uncles and aunts of the

intestate, and, that therefore, they cannot come within the description of next, or nearest of kin to the intestate.

We have reached the conclusion that the appellants' construction is the correct one.

It is true that so far as the provision of §10503-5, GC, are specific, they control §10503-4, GC, as being in the nature of an exception to §10503-4, GC. 25 R. C. L. 983, et seq. In the absence of §10503-5, GC, property inherited from a deceased spouse would descend in its entirety, upon the death of the surviving spouse, to the relatives of such spouse. §10503-5, GC, modifies this by providing that one-half shall descend to the relatives of the spouse from whom the estate originally came. But to give to that section any greater effect requires us to find it in the general provision that if there are no brothers or sisters of a spouse then that half shall pass to "the next of kin of deceased brothers and sisters." The difficulty we find in doing this results from the fluctuating meaning of the phrase "next of kin", depending on its relation to other provisions. In Bouvier's Law Dictionary (Rawle's 3rd Ed.) at page 2348, it is said:

"Next of Kin. This term is used to signify the relations of a party who has died intestate.

In general, no one comes within this term who is not included in the provision of the statutes of distribution; 3 Atk. 422, 761; 1 Ves. Sen. 84; Slosson v Lynch, 28 How. Pr. (N.Y.) 417. The phrase means relation by blood; Keteltas v Keteltas, 72 N. Y. 312, 28 Am. Rep. 155."

See also: Steel v Kurtz, 28 Oh St, 191 at 196; Schroth v Noble, 91 Oh St, 438. and Weisflock v Sigling, 116 Oh St, 435.

As against this indefinite phrase "next of kin" that in all cases acquires definiteness only by reference to other statutes which point out who, of the intestate's relatives, shall inherit, we have the specific provisions of §10503-4, GC. By this section, a comprehensive plan for casting descent of all the intestate's property is provided, and in all cases within the ambit of relationship, not more remote than descendants of grandparents, provision is made for descent per stirpes or by representation, except where all are of the same degree of relationship. As to all other property of the intestate, these cousins would be entitled to represent their deceased parents and inherit the share they would have inherited had they survived, notwithstanding surviving

uncles and aunts of the intestate, who, according to the civil law rule for determining degrees of relationship, would be one degree closer to the intestate. We can think of no reason for applying a different rule to property inherited from a deceased spouse.

It is also significant that when the legislature provided in §10503-4 for descent to next of kin of the intestate, upon failure of descendants of grandparents, it expressly provided that:

"There shall be no representation among such next of kin."

If "next of kin" were synonomous with "nearest of kin", it would have been entirely unnecessary to provide that there should be no representation among them.

But it is said that the decision in Clayton v Drake, 17 Oh St, 368, is contrary to the conclusion here reached. Undoubtedly, that case decides that cousins are more remote than grand uncles and grand aunts of an intestate, but it does not follow that cousins inherit no part of an intestate's estate at this time. When Clayton v Drake was decided, our statutes of descent contained no specific provision for casting descent beyond the issue of brothers and sisters of the intestate. The only provision for descent to more remote relatives was the general provision casting the descent upon the "next of kin". In other words, there was no statutory designation of the order in which relatives more remote than issue of brothers and sisters should take, and it was against that statutory background that the court reached the conclusion that the principle of representation should not be applied to that class. The court found support for its conclusion in that under the English statute of distribution there was the express proviso "that there be no representation admitted among collaterals after brothers' and sisters' children." But since that decision, the statutes of descent have been amended to extend the principle of representation, so that now it extends to all the descendants of the grandparents of the intestate — in other words, it has been extended to include the descendant of an additional generation—and it is only upon failure of issue  of all three of those generations —intestate, parents, and grandparents—is it provided that the estate shall pass to the next of kin per capita or without representation. §10503-4, GC.

In the case at bar, contrary to the situation in Clayton v Drake, the claimants are in a class governed by the principle of representation by express statutory provision. Can it be doubted that, had a similar provision existed when the descent was cast which was under consideration in Clayton v Drake, that that court would have applied that statute and reached a conclusion in conformity to it?

We are of the opinion that cousins of the intestate are entitled to represent their parents and as such representatives inherit the share which their parent would have inherited had he or she survived.

For these reasons, a decree in No. 5505 may be entered partitioning the real estate among the co-parceners, and in No. 5506 a judgment may be entered reversing the judgment and entering final judgment in this court, declaring the rights of the parties in the personal property, all in conformity to this opinion.

ROSS, PJ and HAMILTON, J, concur.