[Civ. No. 7414. Third Dist. May 24, 1948.]

Estate of WILLIAM ROBERTS, Deceased. DOROTHY H. HEARST, as Administratrix, etc., et al., Respondents, v. STATE OF CALIFORNIA, Appellant.

Fred N. Howser, Attorney General, E. G. Benard and Wm. J. Power, Deputy Attorneys General, for Appellant.

Palmer & York for Respondents.

ADAMS, P. J.—This is an appeal taken by the State of California from a final decree of distribution which distributed

all of the residue of the estate of William Roberts, deceased, to a sister and two nieces of decedent's predeceased wife. There is no dispute about the facts. William Roberts died intestate, in January, 1945, leaving neither spouse nor issue. His estate consisted of property which had been the community property of his previously deceased wife and himself, and had come to decedent by virtue of such character, on the death of his wife, Hattie E. Roberts. The latter left surviving her neither parents nor issue, but was survived by a sister, Lucy E. Dykes, and the two daughters of a predeceased sister, to wit, Dorothy H. Hearst and Pine L. Eisfeller, all of whom survived William Roberts.

Dorothy H. Hearst was appointed and qualified as administratrix of William Roberts' estate, and after due proceeding had she filed her first and final account, and a petition for final distribution in which it was prayed that the residue of the estate be distributed as follows: One-fourth to Lucy E. Dykes, one-eighth each to Dorothy H. Hearst and Pine L. Eisfeller, and the remaining one-half to the State of California, "since said decedent had no known heirs at law, devisees or legatees entitled to the same."

On hearing of the account and petition for distribution the trial court declined to distribute any portion of the estate to the State of California, and rendered a decision in which it said:

"The statute relative to the escheat of estates provides, 'If the decedent leaves *no one* to take his estate *or any portion thereof* under the laws of this state the same escheats to the state.' (Prob. Code § 230, Code Civ. Proc., § 1269 et seq.) Even though there is no one to take the entire estate under section 228 Probate Code, if there are heirs to take at all there is someone to take a portion thereof, and hence the case does not come within the language of the escheat statute which must be strictly construed as a result of escheats not being favored by the law. Escheats do not take place if there are any relatives who are entitled to inherit. In this case, one half of the estate goes to the relatives of the predeceased wife by reason of section 228 of the Probate Code, and the other half goes to the same persons by reason of the provisions of section 230 Probate Code, as 'next of kin' of the deceased. In construing a somewhat similar statute in the case of *In re Ziesenitz's Estate*, [128 Misc. 100] 218 N.Y.S. 233, the brothers of a predeceased husband were held to be 'next of

kin' of the decedent, whose property came to her from her predeceased husband, thus holding 'next of kin' need not necessarily be blood relations of the deceased, but also may include relations by affinity.'' (Italics by that court.)

The court thereupon entered a decree distributing one-half of the estate to Lucy E. Dykes, and one-fourth each to Dorothy H. Hearst and Pine L. Eisfeller. Thereafter the State of California, through the attorney general, made a motion to vacate said decree, and upon denial of said motion filed this appeal from the decree of distribution and from the order denying the motion to vacate.

Section 228 of the Probate Code (based upon Civ. Code, § 1386, subd. 8), provides:

''If the decedent leaves neither spouse nor issue, and the estate or any portion thereof was community property of the decedent and a previously deceased spouse, and belonged or went to the decedent by virtue of the community character on the death of such spouse, . . . such property goes in equal shares to the children of the deceased spouse and their descendants by right of representation, and if none, then one-half of such community property goes to the parents of the decedent in equal shares, or if either is dead to the survivor, or if both are dead in equal shares to the brothers and sisters of the decedent and their descendants by right of representation, and the other half goes to the parents of the deceased spouse in equal shares, or if either is dead to the survivor, or if both are dead, in equal shares to the brothers and sisters of said deceased spouse and to their descendants by right of representation.''

Section 230 of said Probate Code, first enacted in 1931, provides:

''If there is no one to succeed to any portion of the property in any of the contingencies provided for in the last two sections, according to the provisions of those sections, such portion goes to the next of kin of the *decedent in the manner hereinabove provided* for succession by next of kin.'' (Italics added.)

Section 231 of said code provides that ''If the decedent leaves no one to take his estate, or any portion thereof, under the laws of this state, the same escheats to the state as of the death of the decedent.''

The ''last two sections'' referred to in section 230 are sections 228 and 229. Section 229 has no application here. The

"manner hereinabove provided for succession by next of kin" is provided in section 226, which recites that where a decedent leaves neither issue, spouse, parent, brother, sister, nor descendant of a deceased brother or sister, the estate goes to the next of kin.

From the opinion of the probate judge it is apparent that he based his conclusion on two propositions, the first that because there were persons, respondents, entitled to take a *portion* of decedent's estate under section 228, section 231 became inapplicable as to the remaining portion, and the state could take nothing by escheat; and, the second, that respondents are to be considered as "kin" of decedent as that word is used in section 230, and therefore they take the whole to the exclusion of the state. We think that neither proposition is tenable. ■ We construe section 231 as meaning that if the decedent leaves no one to take any part of his estate the whole escheats; or, if there is someone to take a portion, but no one to take the remainder, such remaining portion escheats to the state. If the reasoning of the trial court be sound it could as well be said that if an estate consisted of both community property and separate property, and there was someone to take the community property or a part thereof under section 228, the whole should be dealt with as community property and follow the order of succession therein provided for; that the separate property would follow the community property—obviously an unsound conclusion.

■ As for the argument that the sister and nieces of Mrs. Roberts are entitled to take the half which would go to decedent's kin if there were such, *as next of kin* of William Roberts, by virtue of section 230, the exact question presented apparently has not been decided by the appellate courts of this state. Let us therefore examine the language of section 230. It provides that if there is no one to succeed to any portion of the property of an estate under sections 228 and 229, such portion goes to the next of kin of the decedent in the manner hereinabove provided for succession by next of kin.

In this case, under section 228, a portion of decedent's estate, to wit, one-half thereof, concededly goes to respondents. As for the other half, since William Roberts left no parent or parents, brothers or sisters, or descendants of brothers or sisters, section 228 makes no provision. We must

therefore look to section 230. As stated by Mr. Perry Evans in an article appearing in 19 California Law Review, at page 615:

"Subdivision 8 of section 1386 of the Civil Code, now appearing as sections 228 and 229 of the Probate Code . . . provided for succession down to the descendants of the brothers and sisters of a predeceased spouse and the descendants of the brothers and sisters of the decedent. If there were no such relatives to take under these sections, would the general rule as to succession by next of kin apply, or would the property for which these special provisions were made, or the one-half of it, escheat to the state?

"To remove any doubt there might have been on this point section 230 was added, . . . ."

Section 226 of the Probate Code provides that "If the decedent leaves neither issue, spouse, parent, brother, sister, nor descendant of a deceased brother or sister, the estate goes to the *next of kin* in equal degree, excepting that, when there are two or more collateral kindred in equal degree, but claiming through different ancestors, those who claim through the nearest ancestor must be preferred to those claiming through an ancestor more remote." (Italics ours.)

What, then, is meant by next of kin? In 16 American Jurisprudence, page 821, it is said:

"The common-law manner of speech was that real property descended to the heirs by right of blood and personal property was distributed to the next of kin—kin meaning those related by blood, and next of kin meaning those nearest in degree of blood relationship—and there has been a persistency to this day to distinguish in this manner between 'heirs' and 'next of kin,' even in statutes providing that either expression shall mean those who take under the statute."

Numerous cases supporting the rule that "next of kin" means only blood relatives, are cited in 28 Words and Phrases (perm. ed.) 632, and Cumulative Pocket Part, page 116. (Also see 51 C.J.S. 452.)

In *In re Stoler*, 293 Pa. 433 [143 A. 121, 59 A.L.R. 1402] it is said: "Observation, we believe, will demonstrate that in current conversation, as well as in literature, and law, the words 'kin' and 'kinship' are generally used to denote only persons related by blood, and a relationship by blood." Also see *Helms* v. *Elliott*, 89 Tenn. 446 [14 S.W. 930, 10 L.R.A. 535, 536] (defining "next of kin" as "nearest or next in

blood"); *Fargo* v. *Miller,* 150 Mass. 225 [22 N.E. 1003, 5 L.R.A. 690] (defining "next of kin" as used in a will); *State* v. *Bielman,* 86 Wash. 460 [150 P. 1194, 1195] (construing "kin" in a statute defining incest); *Swasey* v. *Jaques,* 144 Mass. 135 [10 N.E. 758, 762, 59 Am.Rep. 65] (construing "next of kin" as used in a will); *Leonard* v. *Haworth,* 171 Mass. 496 [51 N.E. 7, 9] (defining "nearest of kin" as used in a will); *State* v. *Tucker,* 174 Ind. 715 [93 N.E. 3, 4, Ann. Cas. 1913A 100] (construing statute defining incest); *Boyd* v. *Perkins,* 130 Ky. 77 [113 S.W. 95, 96] (defining "kin" as excluding a nephew by marriage); *Supreme Council, etc.* v. *Bennett,* 47 N.J.Eq. 39 [19 A. 785, 787]; *Murdock* v. *Ward,* 67 N.Y. 387; *Keteltas* v. *Keteltas,* 72 N.Y. 312, 315 [28 Am. Rep. 155]; *Wilcox* v. *Bierd,* 330 Ill. 571 [162 N.E. 170, 175]; *Ritter* v. *Ritter,* 62 Ohio App. 488 [24 N.E.2d 603, 606].

That "kin" means only those related by blood has been recognized in this state in such cases as *Estate of Stewart,* 30 Cal.App.2d 594 [86 P.2d 1071], where adopted children of decedent's predeceased cousin claimed the right to succeed to his estate as next of kin, under section 226. It was held that they were not entitled to succeed since there were not blood relatives; and that the estate should go to the State of California under section 231 of the Probate Code. Similar cases are cited in that opinion. The court said, pages 597-598:

"The position of respondents seems to be that because their right to succeed is not opposed by any heirs of the blood, and only by the State of California, by reason of the Statute of Escheat, that therefore, rather than have the estate escheat to the State of California, the court should distribute the estate to respondents. 'It is, they state, a presumption of law that every intestate has left someone on earth entitled to claim as his heir, however remote.' As an abstract statement the foregoing quotation is doubtless correct, but this quotation must certainly be restricted to those entitled to succeed by reason of a blood relationship. It is an elementary principle that the right to succession is entirely statutory, and consequently, we hold that the entire matter here has been fully dealt with by the legislature under the provisions of the Probate Code, section 257, quoted above. Had the legislature intended to enlarge the right of succession of an adopted child to inherit *through,* and not *from* the adopted parent, it would have so provided. As the law now stands, the sole

right of an adopted child to succeed is restricted to the estate of the one who has adopted him. Were we to hold otherwise, we would be attempting to legislate by judicial opinion. If the matter presents the inequities and hardships suggested by respondents, relief must be sought through legislative channels and not through the judiciary.''

*Estate of Brady,* 171 Cal. 1 [151 P. 275], was similar in its facts to the case before us. There a decree of distribution distributing one-half of the estate, which was community property, to the state and the other one-half to relatives of the predeceased wife of decedent, under the provisions of subdivision 8 of section 1386 of the Civil Code, was affirmed. Though the question raised here was not raised in that case, it is significant that it was apparently conceded that distribution of one-half to the state was proper—which was the position taken by respondents herein until the lower court suggested a different view of the law.

Respondents now argue, however, that if there is no one to succeed to the decedent's portion of the property in any of the contingencies provided for in sections 228 and 229 they are to be considered as ''next of kin'' of William Roberts because they are entitled to a *portion* by virtue of section 228. But as we read section 230 it means that if there is no one of those designated by section 228 to succeed to the surviving spouse's one-half of the community property, such half shall go to the next of kin of the decedent ''in the manner hereinabove provided for succession by next of kin.'' This necessarily means those entitled to succeed by reason of the sections other than section 228, not only because the words next of kin apply to blood kin, but because the words of section 230 exclude persons who would be entitled to take under section 228 if they existed. ▪ Therefore, as applied to the situation existing here, it being assumed that there is not in existence any one of the persons designated in section 228 as entitled to take what may be designated as the husband's half of the community property, and no next of kin of decedent to take under section 230, said one-half shall escheat to the state under section 231.

In *Estate of Paterson,* 34 Cal.App.2d 305, 312 [93 P.2d 825], in which it was held that in this state, because of the provisions of section 256 of the Probate Code, illegitimate children have inheritable blood, the court said, regarding the words ''next of kin,'' that they mean ''those upon whom,

under the circumstances defined *in section 226* of the Probate Code, the law has conferred the right to inherit the property of one who dies intestate.'' (Italics added.)

Under section 226 no right to so inherit is conferred upon relatives of a predeceased spouse of a decedent. And under section 228 the most than can be said of respondents is that they succeed to the community property only to the extent of one-half thereof. Their argument is that because they are entitled to take one-half of the community estate under section 228, they must be considered heirs at law of decedent; that being heirs at law as to one-half they must be considered as kin of decedent. But section 230, while apparently intended to extend the right to take one-half to those bearing more distant relationship to the decedent than those mentioned in section 228, does not go to the extent claimed by respondents. It does not provide that if, on the death of the surviving spouse, he left no kin whatsoever, then the kin of his predeceased wife should take his one-half. Had the Legislature intended the section to have that effect no reason appears why it should not have said so by adding ''or, if the decedent left no kin whatsoever, then to the next of kin of the predeceased spouse,'' or similar words; or why it should have used the words ''in the manner hereinabove provided for succession of next of kin''—which obviously refers to section 226, as stated in *Estate of Paterson, supra.*

Our statutes, Probate Code, sections 228, 230 and 231, are apparently intended to provide, as regards community property, that, under section 228, on the death of a decedent leaving neither spouse nor issue, the whole of such community property shall go to the children of the deceased spouse and their descendants by right of representation; but that in the event there are not in existence any such persons, then the community estate is to be dealt with by halves and the decedent's half shall go to the parent or parents of decedent, if there be such, and, if not, to the brothers and sisters of decedent and their descendants. Section 228 goes no further. But section 230 was obviously intended to extend to a decedent's more distant kin the right to take at least one-half in the absence of anyone to succeed thereto under section 228, which is all that need be decided in this case; and section 231 was intended to provide that in the event decedent left no one to take such one-half, such portion, at least, should escheat to the state.

The trial court cited and relied upon *In re Ziesenitz's*

*Estate,* 128 Misc. 100· [218 N.Y.S. 233], as do respondents. There it was held that where a decedent's property came to her from her husband who predeceased her, the deceased husband's brothers were "next of kin" within the Decedent Estate Law. But the applicable section of such law specifically provided:

"16. If there be no husband or wife surviving and no children, and no representatives of a child, and no next of kin, and no child or children of the husband or wife of the deceased, then the whole surplus shall be distributed equally to and among the *next of kin of the husband or wife of the deceased,* as the case may be, *and such next of kin shall be deemed next of kin of the deceased for all the purposes specified in this article. . . ."* (Italics added.)

That case, therefore, cannot be considered as supporting respondents' present theory. On the contrary it supports an inference that in the absence of the specific provisions of the New York statute, the next of kin of a predeceased spouse would not have been deemed next of kin of decedent.

The decree of the probate court is reversed with directions to enter a new decree in conformity with the views herein expressed.

Schottky, J. pro tem., and Thompson, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 22, 1948. Carter, J., and Schauer, J., voted for a hearing.