[Civ. No. 23328. First Dist., Div. Three. Jan. 18, 1967]

STATE OF CALIFORNIA, Plaintiff and Respondent, v. ISABEL BARRETT BRODERSON et al., Defendants and Appellants.

Edward T. Koford, William B. Boone, Swartfager & Allen for Defendants and Appellants.

Thomas C. Lynch, Attorney General, and William J. Power, Deputy Attorney General, for Plaintiff and Respondent.

SALSMAN, J.—This is an appeal by all of the defendants except defendant Johansen, from a judgment in favor of the State of California in an action in equity to set aside a probate decree determining heirship.

These are the facts: George E. Turkington and Vivian H. Turkington were husband and wife. They had no children. During their marriage they accumulated community property. George died intestate in 1954. The community property was distributed to Vivian. (Prob. Code, § 201.)[1] George was survived by two sisters, Isabel B. Broderson and Helen E. Rosecrans, a brother, John O. Turkington, and a niece, Rosemary Reszel (daughter of a deceased sister), all of whom were defendants in the trial court, and are appellants here.

Vivian died intestate in 1960, without known heirs. Defendant Johansen, the public administrator, was appointed her personal representative.

Defendant Gordon L. Cox, doing business as W. C. Cox & Company, is in the "probate research" business. He contacted appellant heirs and obtained an assignment of a portion of their interest in Vivian's estate. He hired an attorney to represent them. The attorney filed a petition to determine heirship. (§ 1080.) The petition alleged Vivian's death, intestate and without heirs; that appellants were heirs of Vivian's deceased spouse; that they were entitled to all of Vivian's estate in equal shares; that the entire estate was community property of George and Vivian. Notice of hearing of the petition was given by posting and by mailing (to the public

---

[1] All section references are to the Probate Code, unless otherwise noted.

administrator). (§ 1200.) No notice of any kind was given the State of California.

The probate court found the allegations of the petition to be true and ordered distribution of all of Vivian's estate to appellants. Knowledge of these facts did not come to the attention of the State until more than six months after entry of the decree determining interests in Vivian's estate.

In its complaint in equity the State in effect charged the following: Cox and the heirs knew all of the property in Vivian's estate was the community property of Vivian and her deceased spouse, George. They also knew that, under the facts and the law, the State had an interest in Vivian's estate, failed to call the probate court's attention to that fact, gave no notice to the State, and thus deceived the court and fraudulently deprived the State of its interest.

The trial court found that Cox was agent of the heirs and that appellants knew they were entitled only to one-half of Vivian's estate; that appellants knew of the State's interest and failed to disclose such interest to the court; that appellants represented they were entitled to the whole of Vivian's estate and that failure to give notice to the State was intended to deprive the State of its interest. By its judgment, the court decreed that the State was entitled to a one-half interest in the estate of Vivian.

The first issue in the case may be stated thus: When a decedent dies intestate without known heirs, and there is no issue of a predeceased spouse, and where all of the property in the decedent's estate is former community property of the decedent and the predeceased spouse, do collateral kindred of the predeceased spouse succeed to the entire estate or does one-half thereof escheat to the State of California?

■ Appellants contend, of course, that the decree determining heirship is correct, and that they are entitled to Vivian's entire estate. They argue that a proper construction of sections 228 through 231, which set out in detail who takes under our facts, and a consideration of their legislative history (see *Estate of Rattray*, 13 Cal.2d 702 [91 P.2d 1042]) demonstrate that a partial escheat, such as the State urges here, was never intended by the Legislature. They conclude that because a partial escheat can be avoided only by letting them take Vivian's half, they must take it. We cannot accept these contentions. "There is no inherent or natural right of inheritance independent of our statute of succession." (*Estate of Watts*, 179 Cal. 20, 22 [175 P. 415].) Unless appellants can point to

a specific statute authorizing them to succeed to all of Vivian's property, their policy arguments are meaningless. (*Estate of Howard*, 1 Cal.App.2d 560, 563 [36 P.2d 852].)

█ An examination of the applicable statutes shows that unless appellants are Vivian's next of kin, they are not entitled to succeed to her half of the community property. Section 228 reads as follows: ''If the decedent leaves neither spouse nor issue, and the estate, or any portion thereof was community property of the decedent and a previously deceased spouse, and belonged or went to the decedent by virtue of its community character on the death of such spouse, or came to the decedent from said spouse by gift, descent, devise or bequest, or became vested in the decedent on the death of such spouse by right of survivorship in a homestead, or in a joint tenancy between such spouse and the decedent or was set aside as a probate homestead, such property goes in equal shares to the children of the deceased spouse and their descendants by right of representation, and if none, then one-half of such community property goes to the parents of the decedent in equal shares, or if either is dead to the survivor, or if both are dead in equal shares to the brothers and sisters of the decedent and their descendants by right of representation, and the other half goes to the parents of the deceased spouse in equal shares, or if either is dead to the survivor, or if both are dead, in equal shares to the brothers and sisters of said deceased spouse and to their descendants by right of representation.''

Since George left no issue, section 228 directs that the community property be divided into halves. The ''other half'' of community property referred to in the last portion of section 228 makes clear that George's half of Vivian's estate goes to appellants. The critical question on our facts then is this: What happens to Vivian's half? Does it also go to appellants or does it escheat to the State?

If Vivian had been survived by children of her hubsand George, or descendants of such children, or by parents, brothers, sisters or descendants of brothers or sisters, section 228 would direct distribution to them of her half of the community property. But no such persons survived her. By the terms of section 230 one-half of her estate must go to her next of kin. That section provides in part: ''If there is no one to succeed to any portion of the property in any of the contingencies provided for in [section 228] . . ., according to the provisions of [that section] . . ., such portion goes to the

next of kin of the decedent in the manner hereinabove provided for succession by next of kin." ■ Appellants argue that they are next of kin within the meaning of that term as used in section 230, and hence they are entitled to succeed to Vivian's share of the property, as well as that of George. Are appellants Vivian's next of kin? We think not.

In *Estate of Roberts*, 85 Cal.App.2d 609, 613 [194 P.2d 28], the court held on functionally identical facts that blood relatives of the predeceased spouse were not next of kin of the spouse last to die, and there upheld escheat of one-half of the decedent's property to the State. In *Roberts* the court pointed out that the term "next of kin" means blood relatives. (P. 613 and citations.)

But appellants argue that the term "next of kin" has acquired a much broader meaning than it had at common law. They cite section 257 (succession by adopted children) and *Estate of Goulart*, 222 Cal.App.2d 808, 819, 824 [35 Cal. Rptr. 465). They also say that the *Roberts* decision is erroneous and should not be followed. In sum, appellants urge us to expand the meaning of the term "next of kin" as used in section 230 beyond any limit yet reached in California. They ask us to hold directly that blood relatives of a predeceased spouse are next of kin of the spouse last to die. No statute gives appellants this status. *Estate of Roberts, supra*, denies it. We prefer not to depart from the holding of that case, and to say, as it does, that blood relatives of a predeceased spouse are not next of kin of the spouse last to die, and that appellants cannot take under section 230. Thus appellants have no claim to half of Vivian's estate under the provisions of that section.

Section 231 reads in part: "If the decedent leaves no one to take his estate or any portion thereof under the laws of this State, the same escheats to the State as of the date of the death of the decedent. . . ." Appellants argue that because they clearly are entitled to George's one-half by the terms of section 228, there is someone to take a portion of the decedent's estate, and since there is someone to take a part, they must take the whole. ■ In *Roberts* the court replied to this argument, saying: "We construe section 231 as meaning that if the decedent leaves no one to take any part of his estate the whole escheats; or, if there is someone to take a portion, but no one to take the remainder, such remaining portion escheats to the state." (P. 612.) We agree. The rule of descent established by *Roberts* has stood unchallenged for over 17

years. After its pronouncement, the Supreme Court denied a hearing. It has received some favorable comment. (See 22 So. Cal. L. Rev. 176.) The Legislature has not moved to alter or change its rule in any manner, as it could do at any time. A contrary ruling here would serve only to unsettle the law of descent on this point, and deny those objectives of certainty and stability which are major concerns of our legal system.

Appellants further contend that even though the rule of *Roberts* be correct, they are nevertheless entitled to the entire estate of Vivian because the decree determining heirship found they were entitled to the whole estate; the decree has become final; it is not subject to attack in the absence of extrinsic fraud, and extrinsic fraud is not shown here. (*Federal Farm Mortg. Corp.* v. *Sandberg,* 35 Cal.2d 1, 4 [215 P.2d 721]; *Estate of Radovich,* 48 Cal.2d 116, 120-124 [308 P.2d 14].) In arguing that no extrinsic fraud is present, appellants point out that their petition to determine heirship correctly stated all of the material facts, namely, that Vivian died intestate; that petitioners are relatives of George, her predeceased husband; that Vivian left no heirs, and that her estate consists of former community property. They assert that the only possible error in the petition is the final allegation of a conclusion of law, namely that ". . . said aforesaid heirs are entitled to all of said estate in equal proportions. . . ." Thus they say that since there has been no misrepresentation or concealment of any fact, extrinsic fraud is not present, and the decree is conclusive.

The trial court found, however, that at the time the petition to determine heirship was filed, in which it was alleged that petitioners were entitled to the whole of Vivian's estate, it was known to them and to Cox that they were not entitled to the entire estate, and that appellants failed to disclose to the court that anyone other than themselves had an interest in the estate.

■ The first question to be decided is whether substantial evidence supports the trial court's finding. There is such evidence. It was shown at trial that appellant Cox wrote a letter to appellant Reszel in which he stated, in effect, that she was entitled to a one-eighth interest in the estate of Vivian. This, as we have seen, is her proper share under our facts and the rule of *Roberts.* It was later asserted in the petition to determine heirship, however, that petitioners were entitled to the whole estate, each petitioner claiming onefourth thereof. It was also in evidence that the firm operated

by appellant Cox had been in the heir finding business since 1913, and that probate proceedings are the essence of their business. From these facts the trial judge could properly infer that Cox knew appellants were entitled only to one-half of Vivian's estate, and that his statement to appellant Reszel that she was entitled only to a one-eighth interest was correct. Cox was the agent of appellants, and his knowledge is imputable to them. (*Herzog* v. *Capital Co.*, 27 Cal.2d 349 [164 P.2d 8].) Thus, evidence supports the trial court's finding that appellants knew each was only entitled to one-eighth of Vivian's estate.

 The final question is whether the fraud was extrinsic. We think it was. The ultimate purpose of probate proceedings is to secure distribution of the decedent's estate to those persons lawfully entitled to it. That purpose cannot be attained where the whole truth, so far as known to petitioners, is not set forth in the petition to determine heirship, or the petition for distribution. Here, as the court found, appellants knew they were not entitled to the whole of Vivian's estate. They knew that one-half of Vivian's estate was subject to the claims of others, yet they asserted in their petition that they were entitled to all of it. Extrinsic fraud is present where, as here, a decree is procured from the probate court by conduct which prevents those having an interest in the estate from appearing and asserting their rights. (See *Larrabee* v. *Tracy*, 21 Cal.2d 645 [134 P.2d 265]; *Sears* v. *Rule*, 45 Cal.App.2d 374, 386-387 [114 P.2d 57].)

 Appellants argue that upon filing their petition to determine heirship they gave all notice required by section 1200 and hence the decree is not subject to attack. We cannot agree. It is true appellants gave the notice prescribed by the code section. But the trial court has found in effect, that at the time the petition was filed and the notice given, appellants knew they were not entitled to the whole of Vivian's estate, and that her half would in the absence of heirs entitled to take, escheat to the State. Thus, finality of the decree is not protected by the notice given, because of the presence of extrinsic fraud. (See *Harkins* v. *Fielder*, 150 Cal.App.2d 528 [310 P.2d 423].) The outstanding characteristic of extrinsic fraud is that it prevents a fair adversary hearing, the party aggrieved being kept in ignorance of the proceedings. (See *United States* v. *Throckmorton*, 98 U.S. 61, 65 [25 L.Ed. 93].) Appellants were under a duty to reveal to the probate court the extent of their knowledge, so that it might enter a proper

decree. Failure to reveal that knowledge has prevented the State from asserting its claim, and precludes appellants' reliance upon the finality of the decree. (See *Stevens* v. *Torregano,* 192 Cal.App.2d 105 [13 Cal.Rptr. 604].)

The judgment is affirmed.

Draper, P. J., and Devine, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.